**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GUADALUPE CHAVEZ, LORENZA ROMERO,
ALICE SANCHEZ, SUSIE TRUJILLO, AND PETRA
VELARDE, Plaintiffs on behalf of themselves and all
others similarly situated.

        Plaintiff(s)

v.                                Civil Action No. 1:24-CV-00572 JB/KK

THOMAS VILSACK, Secretary of the Department of
Agriculture, VILLAS DE AVENIDA CANADA, LLC.,
and BOSLEY MANAGEMENT, INC.

        Defendant(s)

## DEFENDANT BOSLEY MANAGEMENT INC.'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

COMES NOW Defendant Bosley Management Inc. (hereafter "BMI") by and through counsel of record, Priest & Miller, LLP (Ada B. Priest and Richard H. Cravens, IV), and respectfully moves to enforce the settlement Agreement reached in this matter. In support of this motion BMI states as follows:

1.      Plaintiffs filed their Complaint for class certification, injunctive relief and damages on June 6, 2024.

2.      BMI contested Plaintiffs' claims.

3.      On July 3, 2024 Plaintiffs asked if BMI would stipulate to class certification and injunctive relief.

4.      BMI declined and responded in opposition to both motions on August 14, 2024. [Doc. 33 & 34]

1

5.      Before briefing was complete for all parties on the motions, Plaintiffs asked all counsel to stay proceedings and conduct mediation.

6.      The parties agreed and the process of formal mediation was begun by Order of the Court entered on November 15, 2024.  [Doc. 55]

7.      Counsel for Plaintiffs and counsel for BMI began to discuss the potential of settlement in September, 2024.  *See* email chain regarding negotiations attached hereto as Exhibit "A."

8.      After months of negotiations, on January 23, 2025 Plaintiffs' acknowledged that the only issue remaining was the monetary amount of settlement and in that email Plaintiffs' stated that monetary demand was $150,000.  *Id*.

9.      BMI countered at $90,000.  *Id*.

10.     Plaintiffs' countered at $140,000.  *Id*.

11.     BMI countered at $130,000 and Plaintiffs' stated they would respond in the demand letter required by the Court. *See* email attached hereto as Exhibit "B."

12.     Plaintiffs submitted their demand to BMI according to the Court's Order.  *See* demand attached hereto as Exhibit "C."

13.     The amount stated in the demand was $140,000; as noted in Plaintiffs' January 23, 2025 email all other terms had been agreed upon.

14.     BMI accepted the demand without limitation within 24 hours of receiving the demand.  *See* email chain started February 11, 2025 attached hereto as Exhibit D.

15.     There has been offer in the form of written demand, timely acceptance by email without limitation, and consideration in the form of mutual promises to pay, release and dismiss.

16.     Upon acceptance the Parties had formed a contract.

17. Plaintiffs deny there is an agreement and now demand terms that were never discussed, negotiated or agreed to prior to acceptance of the offer. *See* email demanding that BMI stipulate to class certification included in the email chain attached hereto as Exhibit D.

18. BMI has prepared a release agreement in accordance with the terms negotiated, which will be produced with the position statement to the Court as BMI has sought confidentiality.

19. BMI seeks its costs and attorney fees for having to so move.

20. BMI believes the agreement is clear and unambiguous and may be enforced on the communications alone as stated in *Applied Capital, Inc. v. Gibson*, 2007 WL 5685131, at *10 (D.N.M. 2007); however if the Court finds any matter to be unclear, BMI asks the Court to schedule an evidentiary hearing to present evidence of the agreement.

21. BMI has sought concurrence from counsel for Plaintiffs who have not responded.

ARGUMENT AND AUTHORITIES

**I.      Plaintiffs and BMI have an enforceable agreement.**

"A district court has authority, while a case is pending before it, to enforce settlement agreements reached by litigants." *Applied Capital, Inc. v. Gibson*, 2007 WL 5685131, at *9–10 (D.N.M. 2007) (citing *United States v. Hardage,* 982 F.2d 1491, 1496 (10th Cir.1993). "The Tenth Circuit reviews the district courts' use of such authority only for abuse of discretion." *Id*.

"A settlement agreement is a contract." *Id*., (citing *Republic Res. Corp. v. ISI Petroleum West Caddo Drilling Program 1981,* 836 F.2d 462, 465 (10th Cir.1987)( "We construe a settlement stipulation in the same manner as a contract to determine how it should be enforced.") (citation omitted). "Thus, when determining whether a court will enforce a settlement agreement, a court applies state contract law." *Id.*, (citing *United States v. McCall,* 235 F.3d 1211, 1215 (10th Cir.2000)("Issues involving the formation, construction and enforceability of a settlement

3

agreement are resolved by applying state contract law.")(citing *Carr v. Runyan,* 89 F.3d 327, 331 (7th Cir.1996)). "It is the policy of the law and of the State of New Mexico to favor settlement agreements." *Navajo Tribe of Indians v. Hanosh Chevrolet-Buick, Inc.*, 1988-NMSC-010, ¶ 3, 106 N.M. 705, 749 P.2d 90; *Bogle v. Potter*, 68 N.M. 239, 360 P.2d 650 (1961); *Esquibel v. Brown Constr. Co.*, 85 N.M. 487, 513 P.2d 1269 (Ct.App.), cert. denied, 85 N.M. 483, 513 P.2d 1265 (1973).

"The settlement of a lawsuit will be enforced by the courts." *Gonzales v. Atnip*, 1984-NMCA-128, ¶ 1, 102 N.M. 194, 692 P.2d 1343. "A party seeking relief from such a settlement has the burden of persuasion." *Id*., (internal citations omitted). *See also Bd. of Educ. for the Carlsbad Mun. Sch. v. State Dep't of Pub. Educ.*, 1999-NMCA-156, ¶ 14, 128 N.M. 398, 401, 993 P.2d 112, 115 ("Additionally, public policy encourages, and we have a duty to enforce, settlement agreements.") (Emphasis added.); *Lewis v. City of Santa Fe*, 2005-NMCA- 032, ¶ 32, 137 N.M. 152, 159, 108 P.3d 558, 565 ("It should not be any different than any other lawsuit. Public policy favors enforcement of settlement agreements.")

An agreement of settlement will not be set aside just because it later proves to have been unwise or unfortunate for one party to enter into the agreement. *Envtl. Control, Inc.*, 2002–NMCA–003, ¶ 19, 131 N.M. 450, 38 P.3d 891. "Instead, we have consistently held that in negotiating a settlement contract, the parties are bound by its provisions and must accept both the burdens and benefits of the contract. *Cortez v. Cortez*, 2007–NMCA–154, ¶ 14, 143 N.M. 66, 172 P.3d 615, cert. granted, 2007–NMCERT–011, 143 N.M. 157, 173 P.3d 764. As we have pointed out,

> [o]ur duty is to enforce the terms of the contract which the parties made for themselves.
> Because of their favored status, there must be a compelling basis to set aside a settlement

agreement. We will allow equity to interfere with enforcing clear contractual obligations only when well-defined equitable exceptions, such as unconscionability, mistake, fraud, or illegality justify deviation from the parties' contract.

*Id.* ¶ 14 (internal quotations marks and citations omitted)."

*Montano v. NM Real Estate Appraiser's Bd.*, 2009-NMCA-009, ¶ 12, 145 N.M. 494, 497, 200 P.3d 544, 547.

"In applying this strong public policy in favor of settlement, New Mexico courts are bound by unambiguous language in settlement agreements." *Burden v. Colonial Homes, Inc.,* 79 N.M. 170, 173, 441 P.2d 210, 213 (1968) (citation omitted). "[W]here material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." *United States v. Hardage,* 982 F.2d at 1496–97. The Sixth Circuit has held, however, that an evidentiary hearing is not required where an agreement is clear and unambiguous, and no issue of fact is present. *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1372 (6th Cir .1975). "Because settlement agreements are highly favored, a party seeking relief from a settlement has the burden of persuasion." *Marrujo v. Chavez,* 77 N.M. 595, 599, 426 P.2d 199, 201 (1967); *Gonzales v. Atnip,* 102 N.M. 194, 195, 692 P.2d 1343, 1344 (Ct.App.1984).

## II.    Attorney Fees are requested for Plaintiffs' bad faith

"In every contract, there is an implied promise of good faith and fair dealing. The implied promise protects the parties' reasonable expectations under the contract. The implied promise is breached only when a party seeks to prevent the contract's performance or to withhold the contract's benefits from the other party. The implied promise of good faith and fair dealing does not change the express terms of the contract. It does not add terms to the contract. It does not

5

prohibit the parties from doing what the contract expressly allows them to do." UJI Civ 13-832 NMRA

In this matter Plaintiffs breached the promise of good faith and fair dealing, acted in bad faith in negotiating for months, reaching an agreement on all terms except the amount of damages and when the demand for a specific amount was made and accepted, denying the agreement and forcing BMI to continue to spend attorney fees and costs. BMI asks the court to enforce the agreement and award attorney fees for bad faith.

It is well established that the "federal courts have inherent power to assess attorney's fees against counsel" when "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. Nasco, Inc.,* 501 U.S. 32, 45-46 (1991) (internal quotation marks and citation omitted). "Such awards are punitive and, therefore, "appropriate only in exceptional cases and for dominating reasons of justice."" *Mountain West Mines, Inc. v. Cleveland-Cliffs Iron Co.*, 470 F.3d 947, 953 (10th Cir. 2006) (internal quotation marks and citation omitted); see also Hall v. Cole, 412 U.S. 1, 5 (1973) (holding that such awards are, "of course, punitive, and the essential element in triggering the award of fees is therefore the existence of 'bad faith' on the part of the unsuccessful litigant."). *Durango v. Cohen*, 2013 WL 12328881, at *4 (D.N.M. 2013) Dominating reasons of justice argue for the imposition of attorney fees for Plaintiffs' bad faith in this process.

In *Durango* the Court imposed bad faith sanctions because "the Magistrate Judge found that Defendant had " 'buyer's remorse' over the terms he accepted at the mediation" and that he was "delaying the inevitable in an attempt to thwart Plaintiff from the obtaining the benefits of her bargain."" *Id*. That is exactly the case before this Court. The parties had negotiated for months and came to a point where the only material term to be negotiated was the amount of damages. *See* Ex. A hereto. When Plaintiffs made their written demand that amount had not changed. When

BMI accepted the amount demanded, which was the only outstanding term to negotiate, a contract was formed.  *Republic Res. Corp.* supra.

BMI advised the Court that BMI had accepted the demand, whereupon Plaintiffs committed bad faith and misrepresentation to the Court by telling the magistrate that an agreement had not been reached.  Plaintiffs now seek to add terms that were not discussed, negotiated or agreed upon, which amounts to "buyer's remorse" and is bad faith. Ex. D.

WHEREFORE Bosley Management, Inc. respectfully asks the Court to Enforce the Agreement negotiated between Plaintiffs' and BMI, attorney fees for bad faith participation in mediation, for BMI's costs and for such further relief as the Court deems just.

Respectfully submitted,

*/s/ Richard H. Cravens, IV*
Ada B. Priest
Richard H. Cravens, IV
6100 Uptown Blvd. NE, Suite 620
Albuquerque, NM 87110
PH: (505) 349-2300
Ada@PriestMillerLaw.com
Rick@PriestMillerLaw.com

*Attorneys for Bosley Management, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served on the following counsel of record via the CM/ECF filing system on the 13th day of February 2025.

Maria Griego
Attorney for Plaintiffs
NEW MEXICO CENTER ON LAW & POVERTY
301 Edith Blvd. SE
Albuquerque NM 87102
TEL: (505) 244-2840
EMAIL: maria@nmpovertylaw.org

Natalie N. Maxwell
Attorney for Plaintiffs
NATIONAL HOUSING LAW PROJECT
1663 Mission St., Suite 460
San Francisco, CA 94103
TEL: (415) 546-7000
E-MAIL: nmaxwell@nhlp.org
*Pro Hac Vice

Marcos Segura
Attorney for Plaintiffs
NATIONAL HOUSING LAW PROJECT
1663 Mission St., Suite 460
San Francisco, CA 94103
TEL: (415) 546-7000
E-MAIL: msegura@nhlp.org
*Pro Hac Vice

Sovereign Hager
NM Center on Law and Poverty
301 Edith Blvd. NE Albuquerque, NM 87102
505-255-2840 Fax 505-255-2778
sovereign@nmpovertylaw.org
Attorneys for Plaintiffs

Jesse Hale
Assistant United States Attorney
United States Attorney's Office
District of New Mexico
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
Jesse.Hale@usdoj.gov

Ben Feuchter
Jennings Haug Keleher McLeod Waterfall LLP
201 Third Street NW
Suite 1200
Albuquerque, New Mexico 87102
bf@jkwlawyers.com

*/s/Richard H. Cravens, IV*
Richard H. Cravens, IV